# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-3076

_____

United States of America

*Plaintiff - Appellee*

v.

Renoir Bonnick

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Minnesota - St. Paul
_____

Submitted: February 28, 2013
Filed: March 5, 2013
[Unpublished]
_____

Before WOLLMAN, BOWMAN, and GRUENDER, Circuit Judges.
_____

PER CURIAM.

Renoir Bonnick appeals after he pled guilty to a drug offense and the district court[1]--upon determining that he was a career offender, but also granting him a

_____

[1]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota.

downward variance--sentenced him to 90 months in prison. Bonnick's counsel has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), raising two issues: (1) whether the district court abused its discretion in not granting Bonnick a greater downward variance, and (2) whether Bonnick received ineffective assistance because his counsel did not predict, prior to his guilty plea, that he would be sentenced as a career offender. Counsel has also moved to withdraw.

We decline to consider the ineffective-assistance issue on direct appeal. *See United States v. McAdory*, 501 F.3d 868, 872-73 (8th Cir. 2007) (appellate court ordinarily defers ineffective-assistance claim to 28 U.S.C. § 2255 proceedings). We further conclude that the district court's sentencing decision reflects no abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007) (discussing appellate court review of sentencing decision under abuse-of-discretion standard); *see also United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (describing ways in which district court might be found to have committed abuse of discretion). Finally, having reviewed the record independently under *Penson v. Ohio*, 488 U.S. 75, 80 (1988), we find no non-frivolous issues.

Accordingly, we grant counsel's motion to withdraw, and we affirm.

_____